Rule 1910.16-4. Support Guidelines.  Calculation of Support Obligation, Formula.

\* \* \*

**[(d)** *Divided or Split Physical Custody. When Each Party Has Primary Custody of One or More of the Children. Varied Custodial Schedules.*

**(1)** *Divided or Split Physical Custody. When Each Party Has Primary Custody of One or More of the Children*. **When calculating a child support obligation, and one or more of the children reside primarily with each party, the court shall offset the parties' respective child support obligations and award the net difference to the obligee as child support. For example, if the parties have three children, one of whom resides with Father and two of whom reside with Mother, and their net monthly incomes are $2,500 and $1,250 respectively, Father's child support obligation is calculated as follows. Using the schedule in Rule 1910.16-3 for two children at the parties' combined net monthly income of $3,750, the amount of basic child support to be apportioned between the parties is $1,200. As Father's income is 67% of the parties' combined net monthly income, Father's support obligation for the two children living with Mother is $804. Using the schedule in Rule 1910.16-3 for one child, Mother's support obligation for the child living with Father is $276. Subtracting $276 from $804 produces a net basic support amount of $528 payable to Mother as child support.**

**When calculating a combined child support and spousal or alimony pendente lite obligation, and one or more children reside with each party, the court shall offset the obligor's spousal and child support obligation with the obligee's child support obligation and award the net difference to the obligee as spousal and child support. When one or more of the children resides with each party then, in calculating the spousal support or alimony pendente lite obligation, the court shall deduct from the obligor's income both the support owed for the child or children residing with the obligee, as well as the direct support the obligor provides to the child or children living with the obligor, calculated in accordance with the guidelines as if the child or children were not living with the obligor.**

**(2)** *Varied Custodial Schedules.* **When the parties have more than one child and each child spends different amounts of partial or shared custodial time with the obligor, the trier of fact shall add the percentage of time each child spends with the obligor and divide by the number of children to determine the obligor's percentage of custodial time. If the average percentage of time the children spend with the obligor is 40% or more, the provisions of subdivision (c) above apply.**

***Example 1.*** **The parties have two children and one child spends 50% of the time with the obligor and another spends 20% of the time with the obligor. Add those percentages together and divide by the number of children (50% plus 20% = 70% divided by 2 children = 35% average of the time with the obligor). Pursuant to subdivision (c), the obligor does not receive a reduction in the support order for substantial parenting time.**

***Example 2.*** **The parties have three children. Two children spend 50% of the time with the obligor and third child spends 30% of the time with the obligor. Add the percentages of custodial time for all three children together and divide by the number of children (50% plus 50% plus 30% = 130% divided by three children = 43.33% average percentage of time with the obligor). Pursuant to subdivision (c), the obligor receives a reduction in the support order for substantial parenting time.**

***Note***: **In cases with more than one child and varied partial or shared custodial schedules, it is not appropriate to perform a separate calculation for each child and offset support amounts as that method does not consider the incremental increases in support for more than one child built into the schedule of basic child support.]**

(d)     *Divided or Split Physical Custody.  When Each Party Owes Child Support to the Other Party.  Varied Partial or Shared Custodial Schedules.*

(1)     *Divided or Split Physical Custody.  When Each Party Owes Child Support to the Other Party*.  When calculating a child support obligation and each party owes child support to the other party as a result of the custodial arrangement, the court shall offset the parties' respective child support obligations and award the net difference to the obligee as child support.

*Example 1.*   If the parties have three children, one child resides with Mother and two children reside with Father, and their net monthly incomes are $2,500 and $1,250 respectively, Mother's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for two children at the parties' combined net monthly income of $3,750.  The amount of basic child support to be apportioned between the parties is $1,200.  As Mother's income is 67% of the parties' combined net monthly income, Mother's support obligation for the two children living with Father is $804.  Father's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined net monthly income of $3,750.  The amount of basic child support to be apportioned between the parties is $836.  Father's support obligation for the child living with Mother is $276.  Subtracting $276 from $804 produces a net basic support amount of $528 payable to Father as child support.

*Example 2.* If the parties have two children, one child resides with Mother and the parties share custody (50% - 50%) of the other child, and the parties' net monthly incomes are as set forth in Example 1. The child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for the one child primarily residing with Mother at the parties' combined net monthly income of $3,750, the amount of basic child support to be apportioned between the parties is $836. Father's income is 33% of the parties' combined net monthly income, and the support obligation for the child living with Mother is $276. For Mother's obligation for the child with the 50% - 50% shared custody arrangement, using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined net monthly income of $3,750, the amount of basic child support to be apportioned between the parties is $836. Mother's proportionate share of the combined net incomes is 67%, but it is reduced to 47% after applying the shared parenting time adjustment for 50% custody under subdivision (c). Mother's child support obligation for the shared custody child is $393 ($836 X 47%). As Mother's obligation is greater than Father's obligation, Father is the obligee and receives the net of the two obligations by subtracting $276 from $393, or $117.

(2) *Varied Partial or Shared Custodial Schedules.* When the parties have more than one child and each child spends either (a) different amounts of partial or shared custodial time with the party with the higher income or (b) different amounts of partial custodial time with the party with the lower income, the trier of fact shall add the percentage of time each child spends with that party and divide by the number of children to determine the party's percentage of custodial time. If the average percentage of custodial time the children spend with the party is 40% or more, the provisions of subdivision (c) apply.

*Example 1.* The parties have two children and one child spends 50% of the time with Mother, who has the higher income, and the other child spends 20% of the time with Mother. Add those percentages together and divide by the number of children (50% plus 20% = 70% divided by 2 children = 35% average time with Mother). Pursuant to subdivision (c), Mother does not receive a reduction in the support order for substantial parenting time.

*Example 2.* The parties have three children. Two children spend 50% of the time with Mother, who has the higher income, and the third child spends 30% of the time with Mother. Add the percentages of custodial time for all three children together and divide by the number of children (50% plus 50% plus 30% = 130% divided by three children = 43.33% average percentage of time with Mother). Pursuant to subdivision (c), Mother receives a reduction in the support order for substantial parenting time.

*Example 3.* The parties have three children, Mother has primary custody (60% - 40%) of one child, Father has primary custody (60% - 40%) of one child, and the parties share custody (50% - 50%) of the third child. The parties' net monthly incomes are

3

$2,500 (Mother) and $1,250 (Father).  As a result of the custodial arrangement, Father owes support for the child in the primary custody of Mother and Mother owes support for the child in the primary custody of Father and for the child shared equally between the parties.  Father's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for one child at the parties' combined net monthly income of $3,750.  The amount of basic child support to be apportioned between the parties is $836.  Father's proportionate share of the combined net incomes is 33%, but is reduced to 23% after applying the shared parenting time adjustment for 40% custody under subdivision (c). Father's child support obligation for this child is $192 ($836 X 23%).  Mother's child support obligation is calculated using the schedule in Pa.R.C.P. No. 1910.16-3 for two children at the parties' combined net monthly income of $3,750.   The amount of basic child support to be apportioned between the parties is $1,200.  Mother has varying partial or shared custody of the two children (40% and 50%).  Under subdivision (d)(2), the custodial time is averaged or in this case 45%.  Mother's proportionate share of the combined net incomes is 67%, but it is reduced to 52% after applying the shared parenting time adjustment for 45% custody under subdivision (c).  Mother's child support obligation for these children is $624 ($1,200 x 52%).  Offsetting the support amounts consistent with subdivision (d)(1), Mother's obligation is greater than Father's obligation, and Father is the obligee receiving the net of the two obligations by subtracting $192 from $624, or $432.

*Note:*  In cases with more than one child and varied partial or shared custodial schedules, it is not appropriate to perform a separate calculation for each child and offset support amounts as that method does not consider the incremental increases in support for more than one child built into the schedule of basic child support.

(3)     When calculating a combined child support and spousal or alimony *pendente lite* obligation and one or more children reside with each party, the court shall offset the obligor's spousal and child support obligation with the obligee's child support obligation and award the net difference to the obligee as spousal and child support.  If one or more of the children resides with each party then, in calculating the spousal support or alimony *pendente lite* obligation, the court shall deduct from the obligor's income both the support owed for the child or children residing with the obligee, as well as the direct support the obligor provides to the child or children living with the obligor, calculated in accordance with the guidelines as if the child or children were not living with the obligor.

* * *